IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CLEAR BLUE INSURANCE COMPANY,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. __3:23-cv-2417__ |
| **ROBERT HUGH WHITAKER; JAMES RAY** | § | |
| **HARRIS, III; BH HARRIS TRANSPORT, LLC;** | § | |
| **ADRIAN OVIEDO; TERESA TOVAR,** | § | |
| **INDIVIDUALLY AND AS NEXT FRIEND OF** | | |
| **A.O. A MINOR** | | |

**Defendants**

**PLAINTIFF CLEAR BLUE INSURANCE COMPANY'S ORIGINAL COMPLAINT**

COMES NOW, Plaintiff Clear Blue Insurance Company and files this its Original Complaint and would show the following:

**I.
PARTIES**

1. Plaintiff Clear Blue Insurance Company ("Clear Blue") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois.

2. Defendant Robert Hugh Whitaker ("Whitaker") is an individual citizen and resident of Texas and may be served by serving him at 220 Gardenia Drive, Royce City, Rockwall County, Texas 75189 or wherever he may be found.

3. Defendant James Ray Harris, III ("Harris") is a citizen and resident of Texas and may be served by serving him at 205 Van Zandt County Road 2118, Canton, Van Zandt County, Texas 75103 or wherever he may be found.

4. Defendant BH Harris Transport, LLC ("BH Transport") is a domestic Texas limited liability company and may be served by serving its registered agent, James Harris, at 205 Van Zandt County Road 2118, Canton, Van Zandt County, Texas 75103, or wherever said agent James Harris may be found.

5. Defendant Adrian Oviedo ("Oviedo") is an individual citizen and resident of Texas and may be served by serving him at 5052 S. FM 314, Larue Texas 75770 or wherever he may be found, or by serving his counsel of record.

6. Defendant Teresa Tovar, individually and as Next Friend of A.O. a Minor ("Tovar"), is an individual citizen and resident of Texas and may be served by serving her at 5052 S. FM 314, Larue Texas 75770 , or wherever she may be found, or by serving her counsel of record.

7. Defendant, A.O., a minor, is a minor citizen and resident of Texas.

## II.
## VENUE AND JURISDICTION

8. There is complete diversity of citizenship among and between the parties to this civil action because Plaintiff Clear Blue was incorporated in and has its principal place of business in Illinois and, thus, is a citizen of Illinois, while each of the individual Defendants are citizens of Texas, and BH Harris is a limited liability company incorporated in Texas with its principal place of business in Texas, and the members of BH Harris are citizens of Texas. Additionally, the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000) as this lawsuit concerns questions of insurance coverage for an underlying injury lawsuit in which Oviedo and Tovar allege that they seek actual damages of "$250,000 or less", not including punitive damages, and also seek punitive damages. Therefore, there is

complete diversity of citizenship between the Plaintiff and the Defendants, and this court has jurisdiction under 28 U.S.C. §1332.

9. Venue is proper in this District and Division because Defendant Whitaker is a resident of this District and Division, and all Defendants reside within this state. Accordingly, venue is proper in this District under 28 U.S.C. §1391(b)(1).

## III.
## FACTS

### A. Accident and Underlying Lawsuit

10. On August 31, 2023, Oviedo was driving, and Tovar and the minor, A.O., were passengers in, a 2011 Ford F150 pickup that was involved in a collision accident with a 2020 Ford F350 pickup with an attached trailer on Highway 155 in Smith County, Texas ("the Accident").

11. According to the Texas Peace Officer Crash Report on the Accident, the 2020 Ford F350 pickup driven by Whitaker bore vehicle identification number ending in 4009, and the pickup was attached to a 2020 black trailer bearing vehicle identification number ending in 3624. A true and correct copy of the Crash Report is attached hereto as **Exhibit A.**

12. On September 20, 2023, Oviedo and Tovar, individually and as Next Friend of A.O. a minor filed the personal injury lawsuit against Whitaker, Harris, and BH Harris styled *Adrian Oviedo, Teresa Tovar, Individually and as Next Friend of A.O., A Minor v. Robert Hugh Whitaker, James Ray Harris, III and BH Harris Transport, LLC,* in the 241st District Court of Smith County, Texas ("the Underlying Lawsuit"). A true and correct copy of Plaintiffs' Original Petition in the Underlying Lawsuit is attached hereto as **Exhibit B.**

13.     Plaintiffs' Original Petition in the Underlying Lawsuit alleges that Whitaker, while operating the 2020 Ford F350 pickup with the attached trailer southbound on Highway 155 became distracted by his cell phone, drove under the influence of alcohol, failed to control his speed, and collided with the rear of the vehicle driven by Oviedo and in which Tovar and the minor, A. O., were passengers, resulting in all three of them sustaining injuries, pain, medical expenses, and other injury related physical and mental injuries.

14.     Plaintiffs' Original Petition in the Underlying Lawsuit alleges Whitaker was a reckless and incompetent driver and that Harris was negligent in entrusting it him.

15.     Plaintiffs' Original Petition in the Underlying Lawsuit alleges Whitaker was operating the 2020 Ford F350 pickup in the course and scope of his employment with BH Harris at the time of the Accident.

16.     Plaintiffs' Original Petition alleges negligence against Whitaker, Harris, and BH Harris, and gross negligence against Whitaker and assert a right to punitive damages from Whitaker.

**B.     The Clear Blue Insurance Policy**

17.     Clear Blue issued a commercial automobile liability insurance policy to BH Harris under policy number AQ1YTX003469-03 and affording $1 Million per accident of liability coverage for covered accidents occurring during its policy period of April 2, 2023 to April 2, 2024 (the "Clear Blue Policy"). A true and correct copy of the Clear Blue Policy is attached as **Exhibit C**.

18.     Section II-Covered Autos Liability Coverage, A. Coverage of the Motor Carrier Coverage Form (CA 00 20 10 13) of the Clear Blue Policy provides:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" . . . to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> * * * *
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages. . . . However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.

19. The Motor Carrier Declarations page of the policy, "Item Two-Schedule of Coverages and Covered Autos" states:

> This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "**Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Motor Carrier Coverage Form next to the name of the coverage.**

20. Immediately below that provision, the policy coverage chart shows that for Liability coverage, the Covered "Autos" are those meeting the definition of numerical symbol "67".

21. The Motor Carrier Coverage Form, page 1, states that symbol 67 covered "autos" are defined as only the "autos" described in Item Three of the Declarations for which a premium charge is shown, and any non-owned "trailers" while attached to any such scheduled "auto".

22. Item Three-Schedule of Coverage Autos You Own of the Declarations lists 2 specifically identified trucks and 3 specifically identified trailers as the covered "autos" on the Clear Blue Policy.

23. The 2020 Ford F350 pickup with VIN number ending in 4009 is not shown on the Schedule.

24. The 2020 black trailer with VIN number 3924 is not shown on the Schedule.

25. The Clear Blue Policy was a renewal policy. On February 20, 2023, BH Harris' insurance broker submitted a standard renewal application listing the driver and vehicles to be covered on the renewal Clear Blue policy that would take effect on April 2, 2023, i.e., the Clear Blue Policy at issue herein. This initial renewal application listed the involved 2020 Ford F350 truck with VIN number ending in 4009, and Clear Blue sent its renewal premium quote back to the broker on March 1, 2023.

26. On March 20, 2023 BH Harris' insurance broker sent an email to the Clear Blue underwriter advising that BH Harris's vehicle fleet and driver list had shrunk and that the renewal quote should only include a shorter list of trucks and requesting a revised renewal quote based on this new information. The new list of vehicles to be covered no longer included the 2020 Ford F350 pickup with VIN number ending in 4009. The broker's March 20, 2023 email to Clear Blue is attached hereto as **Exhibit D**.

27. Based on the revised information provided by BH Harris' broker in the broker's March 20, 2023 email to Clear Blue, on March 22, 2023 Clear Blue issued a revised renewal quote for the Clear Blue Policy that no longer included the involved 2020 Ford F350 pickup with VIN number ending in 4009 as one of the covered autos. A true and correct copy of the revised Quote is attached as **Exhibit E.**

28. On March 31, 2023, BH Harris' insurance broker requested that Clear Blue bind the renewal policy, i.e., the Clear Blue Policy, based on the revised quote that did not include the involved truck and Clear Blue issued did so. A true and correct copy of the renewal binder for the Clear Blue Policy is attached hereto as **Exhibit F.**

29. Therefore, when the policy was renewed in April 2023 and the Clear Blue Policy was issued, the involved 2020 Ford F350 pickup was not listed on the policy Schedule as one of the scheduled covered "autos".

30. On information and belief, in May 2023 Harris and/or BH Harris sent a text message to BH Harris' insurance broker advising that Harris had dropped coverage on the wrong truck and requesting that the broker contact Clear Blue to add coverage back on the policy for the involved truck. However, the broker did not act on this text message and Clear Blue received no such request prior to the August 31, 2023 Accident.

31. In September 2023, i.e., after the Accident involved, BH Harris' insurance broker contacted Clear Blue and requested for the first time that the involved truck be added back to the coverage under the Clear Blue Policy. Clear Blue did so by issuance of an endorsement to the Clear Blue Policy effective September 6, 2023, i.e., after the Accident date.

32. The Clear Blue Policy contains a "Form F-Uniform Motor Carrier Bodily Injury and Property Damage Liability Insurance Endorsement" providing that the certification of the policy as proof of financial responsibility under Texas' motor carrier laws or regulations amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such laws or regulations to the extent of the coverage and limits of liability required thereby, provided that the insured agrees to reimburse Clear Blue for any payment made by Clear Blue which it would not have been obligated to make under the terms of the policy otherwise.

33. The Clear Blue Policy also contains a federal Form MCS-90 Endorsement requiring the policy to pay any judgment against the named insured motor carrier for public liability

as may be required by Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration.

33. On information and belief, at the time of the Accident, the truck and trailer operated by Whitaker were not transporting any cargo in interstate commerce within the meaning of that term under the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration.

34. On information and belief, the involved 2020 Ford F350 pickup and attached trailer, had a gross vehicle weight of less than 26,000 pounds.

35. Notwithstanding the various coverage issues, Clear Blue is currently providing a defense to Whitaker, Harris, and BH Harris in the Underlying Lawsuit subject to a full and complete reservation of rights to deny coverage or withdraw from their defense to the extent it is determined that no defense is owed.

## IV.
## REQUEST FOR DECLARATORY JUDGMENT

36. Clear Blue incorporates by reference the preceding paragraphs in this Complaint.

37. There is dispute among the parties as to whether Clear Blue owes any defense or coverage to Whitaker, Harris, or BH Harris with regard to the claims for damages asserted against them in the Underlying Lawsuit or any judgment that may be entered against them in same.

38. Accordingly, Clear Blue brings this declaratory judgment action under 28 U.S.C. §2201 seeking court resolution of the disagreements and uncertainties regarding the rights and obligations of the parties under the Clear Blue Policy as set out below.

**A.    Count One-No Duty to Defend Whitaker, Harris or BH Harris**

39.     Clear Blue incorporates the preceding paragraphs of this Complaint.

40.     Clear Blue asserts and requests a declaratory judgment from this Court that neither the Ford F350 pickup involved or the trailer attached to it at the time of the accident were covered "autos" under the Clear Blue Policy at the time of the Accident and, therefore, Clear Blue owes no duty to defend Whitaker, Harris, or BH Harris in the Underlying Lawsuit.

**B.     Count Two-The Form F Endorsement Does Not Apply**

41.     Clear Blue incorporates the preceding paragraphs 1-38 of this Complaint.

42.     Clear Blue asserts and requests a declaratory judgment from this Court that the Form F Endorsement on the Clear Blue Policy is inapplicable to the Accident and the Underlying Lawsuit because the 2020 Ford F350 pickup and attached trailer involved in the Accident had a gross vehicle weight of less than 26,000 pounds so that they do not meet the definition of "commercial vehicle" under Section 548.001(1), Tex. Trans. Code so as to potentially trigger the Form F under the Texas case law governing same.

**C.     Count Three—The MCS-90 Endorsement Does Not Apply**

43.     Clear Blue incorporates the preceding paragraphs 1-38 of this Complaint.

44.     Clear Blue asserts and requests a declaratory judgment from this Court that the MCS-90 Endorsement on the Clear Blue Policy is inapplicable to the Accident and Underlying Lawsuit because the Accident did not involve any interstate transportation of persons or property by a federal motor carrier under the relevant federal statutes and regulations and, therefore, the MCS-90 endorsement is inapplicable under the case law governing it.

**D.     Count Four—No Duty to Indemnify**

45.     Clear Blue incorporates the preceding paragraphs 1-38 of this Complaint.

46. Clear Blue asserts that because it has no duty to defend Whitaker, Harris, or BH Harris, and, for the same reasons, will never possibly owe any duty to indemnify them for any judgment against them, Clear Blue is entitled to declaratory judgment that it owes no duty to indemnify Whitaker, Harris, or B Harris for any judgment that by be entered against them in the Underlying Lawsuit.

### E.   Count Five—No Coverage For Punitive Damages

47. Clear Blue incorporates the preceding paragraphs 1-38 of this Complaint.

48. Clear Blue asserts and requests a declaratory judgment that affording any liability coverage to Whitaker for any award of punitive damages against him in the Underlying Lawsuit would violate Texas public policy, and therefore, Clear Blue has no duty to cover any such award.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Clear Blue Insurance Company prays that the Court enter the declaratory judgments that it seeks as set out above, and that the Court award Clear Blue its costs and such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

*/s/ David J. Schubert*
_____
David J. Schubert—Attorney in Charge
State Bar No. 17820800
Southern District Bar No. 10769
E-Mail: DSchubert@SchubertEvans.com
Stephen Burnett
State Bar No. 24006931
Southern District Bar No. 24679
E-Mail: SBurnett@SchubertEvans.com

**Schubert & Evans, P.C.**
900 Jackson, Suite 630
Dallas, Texas 75202
Telephone: (214) 744-4400
Facsimile: (214) 744-4403

**ATTORNEYS FOR PLAINTIFF
CLEAR BLUE INSURANCE COMPANY**